# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRONERVE HOLDINGS, LLC, | ) | Case No. 15-10373 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 37-1661653 | ) | **Related Document No. 4** |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRONERVE, LLC, | ) | Case No. 15-10374 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 20-8592155 | ) | **Related Document No. 3** |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOULDER INTRAOPERATIVE MONITORING, LLC, | ) | Case No. 15-10381 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 20-5659147 | ) | **Related Document No. 3** |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COLORADO INTRAOPERATIVE MONITORING, LLC, | ) | Case No. 15-10375 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 26-1355837 | ) | **Related Document No. 3** |
| | ) | |

#32664203 v1

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DENVER SOUTH INTRAOPERATIVE MONITORING, LLC, | ) ) ) | Case No. 15-10376 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 26-1183164 | ) ) | **Related Document No. 3** |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EUGENE INTRAOPERATIVE MONITORING, LLC, | ) ) ) | Case No. 15-10377(KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 26-2040718 | ) ) | **Related Document No. 3** |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRONERVE TECHNOLOGIES, LLC, | ) | Case No. 15-10378 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 37-1751814 | ) ) | **Related Document No. 3** |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIVERSIDE INTRAOPERATIVE MONITORING, LLC, | ) ) ) | Case No. 15-10379 (KJC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Employer Tax I.D. No. 26-2156963 | ) ) | **Related Document No. 3** |

#32664203 v1

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TOPEKA INTRAOPERATIVE ) | Case No. 15-15380 (KJC) |
| MONITORING, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Employer Tax I.D. No. 26-3296151 ) | **Related Document No. 3** |
| ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is necessary to prevent immediate and irreparable harm;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

#32664203 v1

- 3 -

and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of ProNerve Holdings, LLC, Case No. 15-10373 (KJC).

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PRONERVE HOLDINGS, LLC, *et al.*,[1] ) | Case No. 15-10373 (KJC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings, LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164); Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151). The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

4. The Clerk of this Court shall make a docket entry in each of the Chapter 11 Cases (except that of ProNerve Holdings, LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of ProNerve Holdings, LLC and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of ProNerve Holdings, LLC, Case No. 15-10373 (KJC), should be consulted for all matters affecting this case."

#32664203 v1

- 4 -

5. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity or priority of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion (including any exhibits attached thereto); (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (vii) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

10. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any of the Debtors shall file such proof of claim in such Debtor's chapter 11 case.

- 6 -

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

Dated: February 26, 2015
      Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

#32664203 v1