**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | **Chapter 11** |
|  | : |  |
|  | : | **Case No. 15-10373 (KJC)** |
| *In re:* | : | **Case No. 15-10374 (KJC)** |
|  | : | **Case No. 15-10375 (KJC)** |
| **PRONERVE HOLDINGS, LLC** *et al.,* | : | **Case No. 15-10376 (KJC)** |
|  | : | **Case No. 15-10377 (KJC)** |
| **Debtors.**[1] | : | **Case No. 15-10378 (KJC)** |
|  | : | **Case No. 15-10379 (KJC)** |
|  | : | **Case No. 15-10380 (KJC)** |
|  | : | **Case No. 15-10381 (KJC)** |
|  | : |  |
|  | : | **(Jointly Administered)** |

--------------------------------------------------------- x

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

ProNerve Holdings, LLC ("ProNerve") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***, and together with the Schedules the "***Schedules and Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164); Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151). The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. George D. Pillari has signed each of the Schedules and Statements. Mr. Pillari is Chief Executive Officer of ProNerve and an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Pillari necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Pillari has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

**1.     Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("***Claim***") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of

rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

**2.     Description of Cases and "as of" Information Date**.  On February 24, 2015 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 26, 2015, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 30].  On March 6, 2015, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code.

The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of January 31, 2015, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of the close of business on February 24, 2015.

**3.     Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of January 31, 2015.  Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**4.     Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5. **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and deferred gains.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

7. **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) executives (c) equity holders holding in excess of 5% of the voting securities of one of the Debtor entities; (d) Debtor/non-Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently

4

failed to do so due to the complexity and size of the Debtors' business.   Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**10.**   **Classifications**.   Listing a Claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

**11.**   **Claims Description**.   Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."   Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.   The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.   Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."   Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

**12.**   **Causes of Action**.   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.   The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**13.**   **Summary of Significant Reporting Policies**.   The following is a summary of significant reporting policies:

   a.  Undetermined Amounts.   The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

   b.  Totals.   All totals that are included in the Schedules and Statements represent totals of all known amounts.   To the

extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.  <u>Paid Claims</u>.    The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various interim orders entered by the Bankruptcy Court on February 26, 2015.  Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.  <u>Excluded Assets and Liabilities</u>.    The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits from the Schedules and Statements.  Certain other immaterial assets and liabilities may also have been excluded.

e.  <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**14.**    <u>**Estimates.**</u>  To prepare and file the Schedules in accordance with the deadline established in the Chapter 11 Cases, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**15.**    <u>**Currency.**</u>  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**16.**    <u>**Setoffs.**</u>  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

**17.**    <u>**Global Notes Control**</u>.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule B2**.  Cash values held in financial accounts are listed on Schedule B2 as of February 24, 2015.

**Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds with their customers and suppliers, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B22**  Patents, Trademarks, and other Intellectual Property listed in Schedules B22 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B23**  Intangible Assets listed in Schedules B23 as an undetermined amount on account of the fact that the fair market value of such intangible items such as Goodwill, Non-Compete Agreements and Trade Names is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule D**.  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors,

utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  The Debtors have been authorized by order of the Bankruptcy Court to pay certain prepetition liabilities, including the authority to pay employee wages and other employee benefits in the ordinary course of business (the "***ORDER AUTHORIZING THE DEBTORS TO (I) PAY PREPETITION PERSONAL WAGES, SALARIES AND OTHER COMPENSATION; (II) REIMBURSE PREPETITION PERSONAL BUSINESS EXPENSES; (III) MAKE PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; (IV) CONTRIBUTE TO PREPETITION PERSONAL BENEFIT PROGRAMS AND CONTINUE SUCH PROGRAMS IN THE ORDINARY COURSE OF BUSINESS; (V) PAY WORKERS' COMPENSATION OBLIGATIONS; AND (VI) PAY ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS***" [Docket No. 34]. As a result of this order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such amounts are not listed on Schedule E.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507. The Debtors reserve their right to dispute the priority status of any claim on any basis. Moreover, the listing of any tax claim on Schedule E is not an admission or designation by the Debtors that such claim is a prepetition tax claim. The Debtors reserve their right to treat any of these claims as post-petition claims.

**Schedule F**.  The Debtors have used best reasonable efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.  The Debtors have made every effort to include as a contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis.  Each Debtor's Schedule F may reflect the Debtor's payment of certain Claims pursuant to these orders, and, to the extent an unsecured Claim has been paid or may be paid it is possible such Claim is not included on Schedule F.  Certain Debtors may pay additional Claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured Claims that a Debtor may have against another Debtor on account of intercompany receivables and payables.  To the extent a Debtor has a Claim against another Debtor on account of the Debtors' prepetition secured facilities, these Claims are not reflected on Schedule F.

**Schedule G**.  The Debtors' businesses are complex.  Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-compete agreements may not be listed on Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

9

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, indemnity agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.

The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees, and bankruptcy professionals. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 9**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by ProNerve, LLC and are therefore listed on the applicable Debtor's response to Statement 9.

**Statement 19d**. The Debtors may provide financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

*[Remainder of page intentionally left blank.]*

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court

District Of Delaware

In re    ProNerve Holdings, LLC                          ,          Case No. 15-10373 (KJC)
                      Debtor

                                                                    Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $            0.00 | | |
| B - Personal Property | Yes | 4 | $     1,915,970.50 <br> + Undetermined Amounts | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $      43,176,850.17 <br> + Undetermined Amounts | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 6 | | $            0.00 <br> + Undetermined Amounts | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $            0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $         N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $         N/A |
| TOTAL | | 16 | $     1,915,970.50 <br> + Undetermined Amounts | $      43,176,850.17 <br> + Undetermined Amounts | |

B6A (Official Form 6A) (12/07)

In re   __ProNerve Holdings, LLC_____,                    Case No.   __15-10373 (KJC)_____
                         **Debtor**                                                                                          **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

**B6B (Official Form 6B) (12/07)**

In re  **ProNerve Holdings, LLC**                                             ,          Case No.  **15-10373 (KJC)**
                          **Debtor**                                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  ProNerve Holdings, LLC                              ,          Case No. 15-10373 (KJC)
_____          _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | ProNerve, LLC - 100% Interest | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Inter-Company Receivable - ProNerve, LLC | | $1,915,970.50 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Goodwill | | Undetermined |

**B6B (Official Form 6B) (12/07) – Cont.**

In re  **ProNerve Holdings, LLC**                              ,          Case No. **15-10373 (KJC)**
                    **Debtor**                                                                **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____2_____ continuation sheets attached      Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$ 1,915,970.50
+ Undetermined Amounts

**In re: ProNerve Holdings, LLC**                                                    **Case No. 15-10373 (KJC)**

## SCHEDULE B PERSONAL PROPERTY
### Rider B.9 - Interests In Insurance Policies

| Insurance Company | Type of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| TRANSPORTATION INSURANCE COMPANY | Automobile | 4029260148 | Undetermined |
| GREAT AMERICAN INSURANCE CO./AMWINS | Crime | 8234-6413 | Undetermined |
| INDIAN HARBOR INS CO. | Cyber | MTP9030994 | Undetermined |
| FEDERAL INSURANCE CO. | Directors & Officers / Employment Practices Liability | DPL3006997 | Undetermined |
| NATIONAL FIRE AND MARINE INSURANCE | General and Professional Liability | HN005923 | Undetermined |
| MEDICAL PROTECTIVE CO. | Professional Liability [WI/NE/KS] | HN002390 | Undetermined |
| AMERICAN CASUALTY CO OF READING, PA | Property | 5084923364 | Undetermined |
| NATIONAL FIRE AND MARINE INSURANCE | Umbrella | EN005923 | Undetermined |
| TRANSPORTATION INSURANCE COMPANY | Workers Compensation – AOS | 4029260182 | Undetermined |
| TRANSPORTATION INSURANCE COMPANY | Workers Compensation – CA | 37-1661653 | Undetermined |

TOTAL    Undetermined

In re    ProNerve Holdings, LLC                ,                Case No. 15-10373 (KJC)
_____            _____
                Debtor                                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. SPECIALTYCARE IOM SERVICES, LLC 299 PARK AVENUE, 34TH FLOOR NEW YORK, NY 10171 | X | | Guarantor - Loan Commitments among ProNerve, LLC as borrower, certain affiliated creditors as guarantors; Secured By Substantially All Assets | | | | $43,176,850.17 | Undetermined |
| | | | VALUE $ Undetermined | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

_0_ continuation sheets attached

| | | | |
|---|---|---|---|
| Subtotal ► (Total of this page) | | $ 43,176,850.17 | $0.00 |
| Total ► (Use only on last page) | | $ 43,176,850.17 + Undetermined Amounts | $0.00 + Undetermined Amounts |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**B6E (Official Form 6E) (04/13)**

In re   __ProNerve Holdings, LLC_____,          Case No. __15-10373 (KJC)_____
             **Debtor**                                                                                  **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐    **Domestic Support Obligations**

  Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

  Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

  Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

  Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/13) – Cont.**

In re  **ProNerve Holdings, LLC**                        ,        Case No. **15-10373 (KJC)**
            **Debtor**                                                                                    **(if known)**

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

         **_4_  continuation sheets attached**

B6E (Official Form 6E) (04/10) – Cont.

In re  ProNerve Holdings, LLC                              ,          Case No.  15-10373 (KJC)
                    **Debtor**                                                                        **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>INTERNAL REVENUE SERVICE<br>1111 CONSTITUTION AVENUE NW<br>WASHINGTON, DC 20004 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF ARIZONA<br>2909 W. AGUA FRIA FWY<br>PHOENIX, AZ 85027 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>300 S. SPRING ST.<br>SUITE 5704<br>LOS ANGELES, CA 90013-1265 | | | Contingent LLC Fee | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>300 S. SPRING ST.<br>SUITE 5704<br>LOS ANGELES, CA 90013-1265 | | | Contingent Franchise/LLC Tax | X | X | X | Undetermined | Undetermined | Undetermined |

Sheet no.  1  of  4  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

|  |  |  |
|---|---|---|
| Subtotals ▶<br>(Totals of this page) | $ 0.00 | $ 0.00 | $ 0.00 |
| Total ▶<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| Totals ▶<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B6E (Official Form 6E) (04/13) – Cont.

In re  ProNerve Holdings, LLC                    ,          Case No.  15-10373 (KJC)
　　　　　　　　　　Debtor                                                            (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>STATE OF COLORADO<br>1375 SHERMAN STREET<br>DENVER, CO 80203 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF DELAWARE<br>DIVISION OF CORPORATIONS<br>JOHN G. TOWNSEND BLDG.<br>401 FEDERAL STREET<br>SUITE 4<br>DOVER, DE 19901 | | | Contingent Annual Report Fees | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF DELAWARE<br>DIVISION OF CORPORATIONS<br>JOHN G. TOWNSEND BLDG.<br>401 FEDERAL STREET<br>SUITE 4<br>DOVER, DE 19901 | | | Contingent Franchise Tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF GEORGIA<br>4125 WELCOME ALL RD. SW<br>ATLANTA, GA 30349 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |

Sheet no.  2  of  4  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals ▶
(Totals of this page)　　　　$ 0.00　　　$ 0.00　　　$ 0.00

Total ▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)　　　　$

Totals ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)　　　　$　　　$

B6E (Official Form 6E) (04/13) – Cont.

In re   **ProNerve Holdings, LLC**                            ,        Case No.   **15-10373 (KJC)**
　　　　　　　　　　Debtor                                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTER | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>STATE OF ILLINOIS<br>101 W. JEFFERSON STREET<br>SPRINGFIELD, IL 62702 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF INDIANA<br>100 N. SENATE AVE.<br>INDIANAPOLIS, IN 46204 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF KANSAS<br>915 SW HARRISON STREET<br>TOPEKA, KS 66612 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No.<br><br>STATE OF MISSOURI<br>149 PARK CENTRAL SQUARE<br># 328<br>SPRINGFIELD, MO 65806 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |

Sheet no. _3_ of _4_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals ▶
(Totals of this page)                 $ 0.00         $ 0.00         $ 0.00

Total ▶
(Use only on last page of the completed
Schedule E. Report also on the Summary
of Schedules.)                        $

Totals ▶
(Use only on last page of the completed
Schedule E. If applicable, report also on
the Statistical Summary of Certain
Liabilities and Related Data.)                        $              $

B6E (Official Form 6E) (04/13) – Cont.

In re  **ProNerve Holdings, LLC**                           ,          Case No.   **15-10373 (KJC)**
　　　　　　　　　　Debtor                                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTER | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> STATE OF NEBRASKA<br>301 CENTENNIAL MALL SOUTH<br>LINCOLN, NE 68508 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No. <br><br> STATE OR OREGON<br>955 CENTER STREET NE<br>SALEM, OR 97301 | | | Contingent Income tax | X | X | X | Undetermined | Undetermined | Undetermined |
| Account No. <br><br> | | | | | | | | | |
| Account No. <br><br> | | | | | | | | | |

Sheet no.  _4_  of  _4_  continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals ▶
(Totals of this page)

| $ 0.00 | $ 0.00 | $ 0.00 |

Total ▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

$ 0.00
+ Undetermined Amounts

Totals ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

$ 0.00
+ Undetermined Amounts

$ 0.00
+ Undetermined Amounts

In re ___ProNerve Holdings, LLC_____ ,        Case No. __15-10373 (KJC)_____
              **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

[x]   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

__0__ continuation sheets attached

Subtotal ▶   $ 0.00

Total ▶   $ 0.00
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re   ProNerve Holdings, LLC                    ,          Case No.   15-10373 (KJC)
                   **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

[x]  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Page 1 of 1

**B6H (Official Form 6H) (12/07)**

In re   **ProNerve Holdings, LLC**_____,    Case No._**15-10373 (KJC)**_____
                              **Debtor**                                                      **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | See attached rider |

**In re: ProNerve Holdings, LLC**                                    **Case No. 15-10373 (KJC)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Boulder Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Colorado Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80113 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Denver South Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80114 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Eugene Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80115 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Norman Wang, M.D., Inc.<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (GA), LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (IL), LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (IN), LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (NJ), LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (NY), LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Physicians (WI), Ltd.<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80119 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve Technologies, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80116 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| ProNerve, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80112 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Riverside Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80117 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |
| Topeka Intraoperative Monitoring, LLC<br>7600 E. Orchard Road<br>Suite 200 N<br>Greenwood Village, CO 80118 | SpecialtyCare IOM Services, LLC<br>299 Park Avenue, 34Th Floor<br>New York, NY 10171 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In Re : ProNerve Holdings, LLC                                         Case No. 15-10373 (KJC)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                                        Debtor

Date _____          Signature: _____
                                                                              (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                      Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Chief Executive Officer</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date____ 3/25/2015 _____          Signature : _____

                                                            George D. Pillari
                                                            [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*