# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PRONERVE HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 15-10373 (KJC) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER (A) CONDITIONALLY APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY ON LIMITED NOTICE (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF LIQUIDATION, (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (F) APPROVING RELATED NOTICE PROCEDURES**

The above-captioned debtors and debtors in possession (the "***Debtors***"), by and through their undersigned counsel, hereby move (the "***Motion***"), pursuant to sections 105(a),1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "***Bankruptcy Code***") and Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") for the entry of an order (a) conditionally approving the Combined Plan and Disclosure Statement (the "***Combined Plan and Disclosure Statement***") for solicitation purposes on limited notice, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement, (c) approving the form of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time and place

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: ProNerve Holdings, LLC (1653); ProNerve, LLC (2155); Boulder Intraoperative Monitoring, LLC (9147); Colorado Intraoperative Monitoring, LLC (5837); Denver South Intraoperative Monitoring, LLC (3164); Eugene Intraoperative Monitoring, LLC (0718); ProNerve Technologies, LLC (1814); Riverside Intraoperative Monitoring, LLC (6963); and Topeka Intraoperative Monitoring, LLC (6151). The location of the Debtors' corporate headquarters and the service address for all Debtors is 7600 E. Orchard Road, Suite 200 N, Greenwood Village, Colorado 80111.

for the confirmation hearing and deadline for filing objections thereto, and (f) approving the related notice provisions.  In support of the Motion, the Debtors respectfully represent as follows:

## I.

## <u>JURISDICTION, VENUE AND STATUTORY PREDICATES</u>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

2.      The statutory bases for the relief requested herein are sections 105(a), 1125, 1126 and 1128 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002(b), 3016(b), 3017, 3018 and 3020.

3.      On March 6, 2015, the Office of the United States Trustee appointed the official committee of unsecured creditors [Docket No. 68] (the "***Creditors' Committee***").

## II.

## <u>SUMMARY OF RELIEF REQUESTED</u>

4.      The Debtors submit this Motion in connection with the Debtors' proposed Combined Plan and Disclosure Statement, which is attached hereto as **<u>Exhibit 1</u>**.  The Debtors seek, among other things, entry of an Order, substantially in the form attached hereto as **<u>Exhibit 2</u>** (the "***Conditional Approval and Procedures Order***"), granting the following relief:  (a) conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only on limited notice, (b) establishing procedures for solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement, (c) approving the form of ballot and solicitation materials, (d) establishing a voting record date, (e) fixing the date, time and place

for the confirmation hearing and deadline for filing objections thereto, and (f) approving the related notice provisions.

## III.

## BACKGROUND

5.    On February 24, 2015 (the "***Petition Date***"), the Debtors commenced these cases by the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors operated their business until the sale of substantially of their assets on April 14, 2015 and are managing their affairs as debtors in possession.  As of the date hereof, no trustee or examiner has been appointed in any of these chapter 11 cases.

6.    Article III of the Combined Plan and Disclosure Statement provides a detailed description of the Debtors' organizational structure, historical business operations and summarizes the Debtors' conduct and prior legal proceedings in these chapter 11 cases and is incorporated herein by reference thereto.

7.    The Combined Plan and Disclosure Statement attached as **Exhibit 1** has been proposed by the Debtors over the alternative of dismissing or converting the Debtors' bankruptcy cases to cases under chapter 7 of the Bankruptcy Code.  The Debtors believe that the Combined Plan and Disclosure Statement provides the most efficient means to conclude the Debtors' cases and distribute the assets available to the holders of allowed claims.  A summary of the Debtors' assets (the "***Remaining Assets***") is provided in Article IV of the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement provides for, among other things, a *pro rata* distribution of the Remaining Assets to the holders of allowed claims asserted against the Debtors and the limited substantive consolidation of the Debtors' estates for plan purposes.

#34486503 v1

# IV.

## DISCLOSURE STATEMENT

**A.    Conditional Approval of the**
**Combined Plan and Disclosure Statement for Solicitation Purposes**

        8.      Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).  The Debtors' Combined Plan and Disclosure Statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the Plan.  *See Krystol-Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F3d 314, 322 (3d Cir. 2003).  The Combined Plan and Disclosure Statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."  *In re Fevretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

        9.      In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a

#34486503 v1

flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the Court.  *See* 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records . . . .*") (emphasis added); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

10.    The Combined Plan and Disclosure Statement provides a summary of the Debtors' cases, assets and liabilities, and estimate of distributions to the holders of allowed claims.

11.    Specifically, the Debtors' Combined Plan and Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- a summary of the classification and treatment of all classes of creditors and equity interests;
- a brief summary of the Debtors' remaining assets and liabilities;
- the Debtors' prepetition capital structure and indebtedness;
- certain risk factors to consider that may affect the Plan;
- the provisions governing distributions under the Plan; and
- the means for implementation of the Plan.

12.     The Debtors respectfully submit that the Combined Plan and Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code.  At the hearing on this Motion, the Debtors seek only conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only, as the Debtors will demonstrate on a final basis at the hearing on the approval of the Combined Plan and Disclosure Statement that the information set forth therein contains adequate information within the meaning of section 1125.

### B.     Objections

13.     Any objections or proposed modifications to the Combined Plan and Disclosure Statement being conditionally approved at the hearing on this Motion shall (a) be in writing, (b) comply with the Bankruptcy Rules, and the Local Rules of this Court, and (c) be filed with the Office of the Clerk of the Bankruptcy Court in accordance with the Local Bankruptcy Rules with a copy served upon:  (i) counsel for the Debtors; (ii) the United States Trustee; and (iii) counsel for the Creditors' Committee, such that all written objections are received by the Bankruptcy Court and filed no later than 4:00 p.m. (ET) on July 13, 2015.

### C.     Limited Notice

14.     Bankruptcy Rule 3017(a) requires "notice to the debtor, creditors, equity security holders and other parties in interest to consider the disclosure statement and any objections or modifications thereto."  Fed. R. Bankr. P. 3017(a).  The Debtors submit that it is in the best interests of their estates to limit the notice required under Bankruptcy Rule 3017(a).  The Debtors will provide notice of this Motion to the parties set forth in Section VIII of this Motion.

15.     As discussed herein, the Debtors filed the Motion because, among other reasons, the Debtors have limited assets remaining in their estates and wish to maximize the funds available for unsecured creditors.  Thus, limiting notice is in the best interests of these

#34486503 v1

estates and their unsecured creditors because it will stop the accrual of additional administrative expenses.

16.     Additionally, the Debtors submit that no creditor will be prejudiced if the Court limits notice of the Motion.  All creditors and parties in interest will retain the right to object to the adequacy of the information contained in the Combined Plan and Disclosure Statement at the final hearing thereon.

17.     The Debtors respectfully submit that it is in the best interests of these estates to limit notice of the Hearing and the related relief requested.

18.     Accordingly, the Debtors respectfully request that this Court enter an order approving on a conditional basis the Combined Plan and Disclosure Statement for solicitation purposes only.

## V.

## SOLICITATION PROCEDURES

**A.     Procedures for Solicitation and Tabulation of
          Votes and Approval of Form of Ballot**

19.     In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the holders of Claims (the "***Claimholders***") entitled to vote on the Combined Plan and Disclosure Statement, a form ballot attached hereto as **Exhibit 3**, and incorporated herein by reference (the "***Ballot***").  The Ballot is substantially similar to Official Form No. 14, but has been modified to be consistent with the specific provisions of the Combined Plan and Disclosure Statement.  The instructions for completion of the Ballot are included in Article V of the Combined Plan and Disclosure Statement.  The Debtors propose that the appropriate form of Ballot be distributed to the Claimholders in Classes 3 and 4 (the "***Voting Classes***").

20.     The Debtors respectfully submit that the proposed Ballot is appropriately tailored to the Combined Plan and Disclosure Statement and complies with Bankruptcy Rules 3017 and 3018.  Accordingly, by this Motion, the Debtors request that the Court approve the proposed Ballot.

21.     The Voting Classes are the only classes that will receive a Ballot to vote to accept or reject the Combined Plan and Disclosure Statement.  The remaining classes set forth below (the "***Non-Voting Classes***" and, together with the Voting Class, the "***Classes***") are not entitled to vote on the Combined Plan and Disclosure Statement as they have been conclusively presumed to have accepted the Combined Plan and Disclosure Statement in accordance with section 1126(f) or rejected the Combined Plan and Disclosure Statement in accordance with section 1126(g) of the Bankruptcy Code.

22.     The Debtors propose that all creditors will receive notice of the final hearing on the approval of the Combined Plan and Disclosure Statement (the "***Confirmation Notice***"), which will also include a Ballot for those creditors entitled to vote.  A copy of the Confirmation Notice is annexed hereto as **<u>Exhibit 4</u>**.  The Debtors shall serve a copy of the Confirmation Notice upon all creditors and a Ballot to those entitled to vote no later than five (5) business days after the entry of the Conditional Approval and Procedures Order.  The Debtors will not serve hard copies of the Combined Plan and Disclosure Statement.  Instead, a copy of the Combined Plan and Disclosure Statement will be made available at no charge to holders of Claims and Equity Interests upon request to Debtors' counsel, McDermott Will & Emery LLP, by e-mail (aduncliffe@mwe.com) or telephone ((212) 547-5317).

### B.     <u>Voting Deadline for the Receipt of Ballots</u>

23.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests

- 8 -

may accept or reject the plan . . . ."  The Debtors anticipate commencing the solicitation period

by mailing the Ballots and other approved solicitation materials to the Voting Classes no later

than five (5) business days after the entry of the Conditional Approval and Procedures Order.

The Debtors propose that all Ballots being cast must be properly executed, completed and

delivered by mail, overnight courier, or personal delivery, to the Balloting Agent, so that the

Ballots are actually <u>received</u> no later than 4:00 p.m., prevailing Eastern Time, on August 17,

2015 (the "***Voting Deadline***").  This date will give claimholders sufficient time to review the

solicitation materials and vote, and provides the Debtors with enough time to tabulate the Ballots

and prepare for whatever issues the voted Ballots may raise in connection with the hearing on the

approval of the Combined Plan and Disclosure Statement.

### C.    Procedures for Tabulating Votes

24.    Section 1126(c) of the Bankruptcy Code provides that a class of claims

has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in

dollar amount and more than one-half in number of the allowed claims in that class that have

actually cast ballots for acceptance or rejection of the plan.  See 11 U.S.C. § 1126(c).  For

purposes of voting on the Plan, the Debtors propose that each Claim (i)(a) for which a proof of

claim was timely received by the applicable deadline; or (b) that is listed in the Schedules and

not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no

objection to the allowance thereof has been filed prior to entry of the Conditional Approval and

Procedures Order or (ii) which has otherwise been allowed by a final order of the Court, be

allowed.  The foregoing is subject to further order of the Court to the extent that a party moves

for temporary allowance of its Claims in an amount that is different from the amount that

otherwise would apply to such Claim under the foregoing.

- 9 -

25.     The Debtors propose that the following procedures be utilized in tabulating the Ballots with respect to Ballots submitted by the holder of an Allowed Claim (the "***Tabulation Procedures***"):

a)      Except as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Combined Plan and Disclosure Statement.

b)      Any Ballot that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement or that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement will not be counted.

c)      Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

d)      Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e)      If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

f)      Each Claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

g)      Claimholders may not split their vote within a Class, and thus each Claimholder will be required to vote all of its Claims within the Voting Class either to accept or reject the Plan.

h)      Ballots partially rejecting and partially accepting the Plan will not be counted.

i)      The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)      No Ballot should be sent directly to the Debtors.

k)      The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation

period, in each case to the extent required by law or further order of the Court.

l)      If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

m)      Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

n)      Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

o)      Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

p)      Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

q)      For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline or otherwise ordered by the Court.

r)      Ballots received that do not evidence the amount or evidence an incorrect amount of such Creditor's Claim shall be completed or corrected, as the case may be, based upon a Final Order of the Bankruptcy Court or, if no such Final Order exits, then (i) based upon timely filed proofs of Claim, or (ii) the Schedules filed by the Debtors if no proof of claim has been filed by such Creditor, and counted as a vote to accept or reject the Plan.

- 11 -

**D. Voting**

26. Parties entitled to vote may choose to send in their ballots by mail or overnight courier. Upon completion of balloting, the Balloting Agent will certify the amount and number of allowed Claims of the Voting Classes accepting or rejecting the Combined Plan and Disclosure Statement. The Debtors will file such certifications with the Court prior to the hearing on the approval of the Combined Plan and Disclosure Statement.

27. The Debtors respectfully submit that the Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their Claims on some other basis, as described in greater detail below. Therefore, the Debtors seek this Court's approval of such proposed rules.

**E. Procedures for Temporary Allowance of Claims**

28. The Debtors propose that any holder of a Claim that seeks to challenge the temporary allowance of its Claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[2] for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "***Rule 3018 Motion***") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m., prevailing Eastern Time, on August 10, 2015. The Debtors will then have: (a) until August 14, 2015 to file and serve any responses to Rule 3018 Motions; and (b) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the approval of the Combined Plan and Disclosure Statement. In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely

[2] Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

<div align="center">

**VI.**

**CONFIRMATION HEARING, RECORD DATE AND SOLICITATION PACKAGES**

</div>

      **A.**      **Confirmation Hearing, Confirmation Objection Deadline and Notice Thereof**

      29.      Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation."  In accordance with this provision, the Debtors request that the hearing on the approval of the Combined Plan and Disclosure Statement be set for a date on or about August 27, 2015.  In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Combined Plan and Disclosure Statement, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Equity Interest of such party; and (iii) be filed with the Court and served on (a) counsel for the Debtors; (b) the United States Trustee; and (c) counsel for the Creditors' Committee, so that they are received no later than 4:00 p.m., prevailing Eastern Time, on August 17, 2015 (the "***Confirmation Objection Deadline***").  The Debtors reserve the right to file a consolidated reply to any such objection no later than August 21, 2015.

      30.      Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least 28 days prior to the deadline for filing objections to confirmation of the Combined Plan and Disclosure Statement, and the hearing on the final approval of the Combined Plan and Disclosure Statement.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form

<div align="center">- 13 -</div>

directed by the Court.  As discussed above, all parties in interest will be served the Confirmation

Notice, and the Voting Classes will also receive a Ballot.  In addition, the Debtors propose to

serve the Confirmation Notice on:  (i) all parties filing a notice of appearance and request for

service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (ii) state and local taxing

authorities for jurisdictions in which the Debtors conducted business, (iii) the Internal Revenue

Service, and (iv) the United States Trustee.  The Debtors will serve a copy of the Confirmation

Notice upon such parties no later than five (5) business days after the entry of the Conditional

Approval and Procedures Order.  The Confirmation Notice sets forth:  (i) the Voting Deadline

for the submission of Ballots to accept or reject the Combined Plan and Disclosure Statement;

(ii) the deadline for filing Rule 3018 Motions; (iii) the Confirmation Objection Deadline; (iv) the

time, date and place of the hearing on the final approval of the Combined Plan and Disclosure

Statement, and (v) instructions on how to obtain copies of the Combined Plan and Disclosure

Statement.

> **B.**    **The Record Date**

31.    Bankruptcy Rule 3017(d) provides that the Court may set the date on

which the Disclosure Statement is approved or another date as the record date for determining

which holders of securities are entitled to receive solicitation materials, including ballots for

voting on a plan of reorganization.  *See* Fed. R. Bankr. P. 3017(d).  The Debtors propose that the

Court establish the date the Court enters the Conditional Approval and Procedures Order as the

record date (the "***Record Date***") for purposes of determining which holders of Claims in the

Voting Classes are entitled to receive a Ballot to vote to accept or reject the Combined Plan and

Disclosure Statement.

32.    With respect to any transferred Claim, the Debtors propose that the

transferee will be entitled to receive and cast a Ballot on account of the transferred Claim only if:

- 14 -

(a) all actions necessary to effect the transfer of payment and interest of the Claim pursuant to

Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation,

the passage of any applicable objection period); or (b) the transferee files, no later than the

Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer

and (ii) a sworn statement of the transferor supporting the validity of the transfer.

     C.      **The Solicitation Packages**

     33.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to

the claimholders for purposes of soliciting votes and providing adequate notice of the hearing on

confirmation of a plan:

> Upon approval of a disclosure statement,--except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders--the debtor in
> possession, trustee, proponent of the plan, or clerk as the court
> orders shall mail to all creditors and equity security holders, and in
> a chapter 11 reorganization case shall transmit to the United States
> trustee,
>
> > (1)     the disclosure statement approved by the court;
> >
> > (2)     the plan or a court-approved summary of the plan;
> >
> > (3)     notice of the time within which acceptances and
> > rejections of the plan may be filed; and
> >
> > (4)     any other information as the court may direct,
> > including any court order approving the disclosure
> > statement or a court-approved summary of the
> > opinion.
>
> In addition, notice of the time fixed for filing objections and the
> hearing on confirmation shall be mailed to all creditors and equity
> security holders in accordance with [Bankruptcy] Rule 2002(b),
> and a form of ballot conforming to the appropriate Official Form
> shall be mailed to creditors and equity security holders entitled to
> vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

#34486503 v1

34.     In accordance with Bankruptcy Rule 3017(d), the Debtors propose that, after entry of the Conditional Approval and Procedures Order, the following materials be mailed by the Balloting Agent to all Claimholders in the Voting Classes (the "***Solicitation Package***"):

a)      the Confirmation Notice, which will include: (i) an e-mail address (aduncliffe@mwe.com) at which parties may write to request a copy of the Combined Plan and Disclosure Statement and other documents related thereto; and (ii) a telephone number ((212) 547-5317) that parties may call to request a copy of the Combined Plan and Disclosure Statement; and

b)      an appropriate form of Ballot.

35.     Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors request that no Solicitation Packages be mailed to holders of Claims and Equity Interests in Classes that are conclusively deemed to accept or reject the Plan.  However, as previously noted, in accordance with Bankruptcy Rule 3017(d), the Debtors propose that such parties will receive the Confirmation Notice and may request copies of the Combined Plan and Disclosure Statement.

36.     The Balloting Agent will mail the Solicitation Packages no later than five (5) business days after the entry of the Conditional Approval and Procedures Order to: (i) the holders of Claims in the Voting Class, (ii) all parties that have filed requests for notice in the chapter 11 cases on or before the Record Date (without the Ballot); (iii) counsel for the Creditors' Committee (without the Ballot); and (iv) the United States Trustee for this District (without the Ballot).

37.     The Debtors submit that the foregoing procedures for providing notice of the final approval of the Combined Plan and Disclosure Statement, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of Claims and Equity Interests and other parties in interest and are calculated to result in votes and objections that will be known in

- 16 -

sufficient time to permit an organized and efficient final hearing on the Combined Plan and Disclosure Statement.  Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

<div align="center">

**VII.**

**<u>NO PRIOR REQUEST</u>**

</div>

38.    No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

<div align="center">

**VIII.**

**<u>NOTICE</u>**

</div>

39.    No trustee or examiner has been appointed in these chapter 11 cases.  A copy of the Motion was served upon the following parties via e-mail or overnight delivery:  (i) the United States Trustee, (ii) counsel to SpecialtyCare IOM Services, LLC, (iii) counsel to the Creditors' Committee; and (iv) all parties filing a Notice of Appearance and Request for Service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases.  In light of the nature of the relief requested herein and the irreparable harm to the Debtors, the estates and their creditors that will ensue if the relief herein is not granted, the Debtors submit that no other or further notice is required.

Dated: June 24, 2015
       Wilmington, Delaware

Respectfully submitted,

/s/   Donald J. Detweiler
PEPPER HAMILTON LLP
Donald J. Detweiler (DE No. 3087)
John H. Schanne II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile:  (302) 421-8390
Email:        detweilerd@pepperlaw.com
           schannej@pepperlaw.com

-and-

MCDERMOTT WILL & EMERY LLP
Timothy W. Walsh (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
340 Madison Avenue
New York, New York 10173-1922
Telephone:(212) 547-5400
Facsimile: (212) 547-5444
Email:        twwalsh@mwe.com
           dazman@mwe.com

*Counsel to the Debtors and Debtors in Possession*